IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN HOLBROOK, Individually AND as Executrix of the Estate of Ronald Holbrook, AND as personal representative of the statutory beneficiaries of Ronald Holbrook, AND PATRICK DANIEL HOLBROOK, Individually, Plaintiffs v. MICHAEL SCOTT WOODHAM, NEW ENTERPRISE STONE AND LIME COMPANY, INC., AND L. ROBERT KIMBALL AND ASSOCIATES, INC., Defendants. | CIVIL ACTION NO. 3:05-304 JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

Now before the Court is the Motion for Reconsideration that Defendant L. Robert Kimball and Associates, Inc. (hereinafter "Kimball") filed on October 10, 2006. Document No. 55. The factual history of this matter was adequately set forth in the Court's September 25, 2006, Memorandum Opinion. Document No. 52, pp. 2-3. For immediate purposes, it suffices to note that a dump truck driven by Defendant Scott Woodham (hereinafter "Woodham") struck and mortally injured Ronald Holbrook (hereinafter "Decedent") while the latter was working on a construction project at the Bedford County, Pennsylvania, Airport. *Id.* at 3. Thereafter, Plaintiffs Mary Ann and Patrick Daniel Holbrook (hereinafter "Plaintiffs") filed a complaint individually and on behalf of Decedent's estate, alleging, *inter alia*, claims of negligence against Kimball, the civil engineer in charge of the construction project. *Id.* Kimball moved to dismiss that claim for failure to file a certificate of merit pursuant to PA. R. CIV.

1

P. 1042.3. Document No. 41. On September 25, 2006, the Court held that Plaintiffs had stated claims for ordinary negligence and were thus immune from the requirements of Rule 1042.3. Document No. 52, p. 17. Kimball now seeks reconsideration of that ruling.[1]

## II. STANDARDS

According to the United States Court of Appeals for the Third Circuit, "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citations omitted). "Accordingly, a district court will grant a party's motion for reconsideration in any of the three situations: the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." *New Chemic (U.S.), Inc. v. Fine Grinding Corp.*, 948 F. Supp. 17, 18-19 (E.D. Pa. 1996) (citations omitted). Mere "dissatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004) (citations omitted).

Under the Pennsylvania Rules of Civil Procedure, plaintiffs alleging that a licensed professional has "deviated from an acceptable professional standard" must submit a certificate of merit within sixty days of filing their complaint. PA. R. CIV. P. 1042.3. The certificate must represent that

> an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable

---

[1] Subsequent to the September 25, 2006, Memorandum Opinion, Plaintiffs filed an Amended Complaint, stating allegations against Kimball identical to those found in their original pleading. Document No. 62, ¶¶ 26-28. Kimball filed its Answer on November 6, 2006, reprising its Rule 1042.3 objections. Document No. 64, ¶ 30. Because Kimball maintained the objection on which its Motion for Reconsideration was based, the Court does not infer any waiver from the filing of an Answer and will assess the merits of the issue *sub judice* with respect to Plaintiffs' Amended Complaint.

2

> professional standards and that such conduct was a cause in bringing about the harm, or the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

*Id.*[2] Where the plaintiff does not allege any deviation from a professional standard, however, no certificate is required. *McElwee Group, LLC v. Mun. Auth. of Elverson*, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007) (citing *Krauss v. Claar*, 879 A.2d 302, 306-07 (Pa. Super. Ct. 2005)). To determine whether a claim is one of professional or ordinary negligence, Pennsylvania courts examine "the substance of the complaint." *Varner v. Classic Cmtys. Corp.*, 890 A.2d 1068, 1074 (Pa. Super. Ct. 2006). *See also Gondek v. Bio-Medical Applications of Pa.*, 919 A.2d 283, 287-88 (Pa. Super. Ct. 2007) ("We ascertain the theory of liability, i.e., deviation from a professional standard of care or ordinary negligence, by examining the averments in the complaint."). If a cause of action depends upon expert testimony for elucidation, it is one of professional negligence and Rule 1042.3 requires a certificate of merit. *Varner*, 890 A.2d at 1074-75. However, where negligence is within the jury's common understanding and requires no expert testimony, plaintiff has alleged only ordinary negligence and Rule 1042.3 does not apply. *Id.*

### III. ANALYSIS

According to Plaintiffs' Amended Complaint, a truck driven by New Enterprise Stone and Lime employee Woodham struck Decedent, inflicting severe injuries that quickly resulted in death. Document No. 62, ¶¶ 12-13. Plaintiffs' specific claims against Kimball include negligently arranging

---

[2] "License professional" includes health care providers, accountants, architects, chiropractors, dentists, engineers or land surveyors, nurses, optometrists, pharmacists, physical therapists, psychologists, veterinarians, and lawyers. PA. R. CIV. P. 1042.1(b). No one disputes that Kimball, as an engineering firm, is within the purview of Rule 1042.3.

3

the worksite so that "traffic was directed through areas in which defenseless personnel were working"; in hiring New Enterprise "despite [that company's] extensive history of safety violations and injuries"; in allowing Woodham on the construction site and failing to properly instruct him on safe traffic routing; in failing to adhere to unspecified safety codes and industry regulations; and in "failing to adhere to the standard of care for a professional engineer." *Id.* at ¶ 26.

Certain elements of Plaintiffs' Amended Complaint may depend only on the ordinary standard of reasonable care. Whether Kimball was negligent in subcontracting with New Enterprise or supervising Woodham are questions that could be within the jury's common understanding. However, although the jury may naturally comprehend the level of care expected from a reasonably prudent *person*, expert testimony is necessary to illuminate the level of care a reasonably prudent *licensed professional* should have demonstrated. *Grossman v. Barke*, 868 A.2d 561, 566 (Pa. Super. Ct. 2005) (noting that when a claim "encompasses matters not within the ordinary knowledge and experience of laypersons . . . [a] plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury."). Whether Kimball breached the standard of care for a professional engineer or failed to comply with applicable safety regulations and industry codes are questions that will necessitate expert testimony because lay jurors do not commonly understand such professional obligations. *Varner*, 890 A.2d at 1074-75 (holding that compliance with construction codes was an area beyond the realm of common knowledge and experience, thus requiring expert testimony and triggering Rule 1042.3); *Yee v. Roberts*, 878 A.2d 906, 911-12 (Pa. Super. Ct. 2005) (requiring a certificate of merit in a case against a dentist for failure to adequately train and supervise employees). Thus, to the extent that aspects of the Amended Complaint

4

allege Kimball's deviation from industry standards and trigger Rule 1042.3, the Court must construe against Plaintiffs any failure to file a certificate of merit.

In opposition to the original Motion to Dismiss, Plaintiffs argued that Rule 1042.3 is a procedural one that basic *Erie* principles make inapplicable to federal litigation, an argument that this Court has previously addressed. Document No. 49, pp. 3-10. In *Velazquez v. UPMC Bedford Memorial Hospital*, the Court concluded that Rule 1042.3 was a substantive state law operable in federal court under the auspices of 28 U.S.C. § 1332. *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 613 (W.D. Pa. 2004) *adopting the reasoning at* 328 F. Supp. 2d 549, 552-58. Plaintiffs contend that because Rule 1042.3 affects only the manner in which a professional negligence claim proceeds without directing its specific outcome, the Court should abandon *Velazquez* and fully preserve the claims against Kimball.

The weight of caselaw subsequent to *Velazquez* suggests little need to revisit this issue. It is well-settled in all three of the federal districts in Pennsylvania that Rule 1042.3 represents substantive state law applicable in diversity cases. *See, e.g.*, *McElwee Group, LLC v. Mun. Auth. of Elverson*, 476 F. Supp 2d 472, 475 n.3 (E.D. Pa. 2007); *Iwanejko v. Cohen & Grigbsy, P.C.*, No. 03-1855, 2005 U.S. Dist. LEXIS 30149, at *7 (W.D. Pa. Nov. 30, 2005); *Keybank Nat'l Ass'n v. Reidbord*, No. 05-144, 2005 U.S. Dist. LEXIS 29936, at **27-28 (W.D. Pa. Nov. 29, 2005); *Lane v. Riley*, No. 04-952, 2005 U.S. Dist. LEXIS 40074, at *5 (W.D. Pa. Nov. 22, 2005); *Rodriguez v. Smith*, No. 03-3675, 2005 U.S. Dist. LEXIS 12237, at *29 (E.D. Pa. June 21, 2005); *Hartman v. Low Sec. Corr. Inst. Allenwood*, No. 04-209, 2005 U.S. Dist. LEXIS 40766, at **5-6 (M.D. Pa. May 27, 2005); *Schwalm v. Allstate Boiler & Constr., Inc.*, No. 04-593, 2005 U.S. Dist. LEXIS 12422, at **4-5 (M.D. Pa. May 17, 2005);

*Velazquez v. UPMC Mem'l Hosp.*, 328 F. Supp. 2d 549, 559 (W.D. Pa. 2004); *Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 510 (E.D. Pa. 2004). These decisions often borrow from the reasoning in *Chamberlain v. Giampapa*, wherein the Third Circuit held that New Jersey's expert affidavit requirement constitutes substantive state law. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000).

The Court acknowledges that the consensus over Rule 1042.3 does not represent a unanimity among federal courts; expert affidavit requirements in some states do not bind federal claimants. *See, e.g., Mason v. United States*, 486 F. Supp. 2d 621 (W.D. Tex. 2007); *Long v. Adams*, 411 F. Supp. 2d 701, 708 (E.D. Mich. 2006); *Roberts v. Jones*, 390 F. Supp. 2d 1333 (M.D. Ga. 2005); *Serocki v. Meritcare Health Sys.*, 312 F. Supp. 2d 1201 (D.S.D. 2004); *Braddock v. Orlando Regional Health Care Sys.*, 881 F. Supp. 580 (M.D. Fla. 1995). As one federal court in Michigan has noted, however, the discrepancy is not without basis: "[S]tate affidavit-of-merit laws that have been sustained in federal diversity actions are those laws that do not create additional pleading requirements, but rather require filings well after the pleadings have been fixed and the issues joined." *Long v. Adams*, 411 F. Supp. 2d 701, 708 (E.D. Mich. 2006). Another court, assessing the differences between the Georgia certificate requirement and New Jersey's, emphasized that the former required claimants to file simultaneously with their complaint a certificate containing specific allegations. *RTC Mortg. Trust 1994 N-1 v. Fidelity Nat'l Title Ins. Co.*, 981 F. Supp. 334, 343-44 (D.N.J. 1997). In contrast, the New Jersey statute allowed plaintiffs to file their certificate sixty days after filing the complaint and required only that the certificate merely "state or opine that 'there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint,

fell outside acceptable professional or occupational standards or treatment practices.'" *Id.* at 343 (quoting N.J.S.A. § 2A:53A-27).

Like New Jersey, Pennsylvania has enacted a law that implicates neither the pleading requirements nor the discovery mechanisms inherent in the federal rules. Even if the vitality of a professional negligence *claim* depends on Rule 1042.3, the sufficiency of a professional negligence *complaint* exists independently. Moreover, claimants need not provide expert reports or other admissible material. Indeed, a certificate with the signature of an expert witness would not satisfy the statute, according to which either the attorney or the party must sign the certificate. Because it does not affect the content of the complaint or accelerate the procedures of FED. R. CIV. P. 26, the Pennsylvania statute is distinguishable from those certificate requirements that do collide with federal law. *See, e.g.*, N.D. CENT. CODE, § 28-01-46 (2007) (requiring the submission of "an admissible expert opinion"); TEX. CIV. PRAC. & REM. CODE § 74.351 (2007) (requiring that claimants file expert reports with their professional negligence claims); *Long*, 411 F. Supp. at 704 (noting that Michigan's certificate of merit rule contains heightened pleading requirements because it requires that plaintiffs file the certificate with their complaint); *Braddock*, 881 F. Supp. at 584 (noting "[t]he heightened pleading requirement in FLA. STAT. CH. 766.203).[3] Endorsing the reasoning of those cases on which Plaintiffs rely does not require disavowing the principles of *Chamberlain* and *Velazquez*. The Court therefore declines Plaintiffs' invitation to reexamine *Velazquez* and holds that Plaintiffs' failure to comply with Rule 1042.3 must result in dismissal.

---

[3] Subsequent to the decision in *Braddock*, Florida amended its certification requirements. As amended, however, the statute still conflicts with federal pleading requirements. *Thompson v. Kindred Nursing Ctrs. E.*, LLC, 211 F. Supp. 2d 1345, 1354 (M.D. Fla. 2002).

7

Although Plaintiffs did move for an extension of time to file their certificate, that motion was procedurally defective. Rule 1042.3(d) expressly requires that plaintiffs file such a motion prior to the expiration of time for filing the certificate itself.[4] *See also Hartman v. Low Sec. Corr. Inst. Allenwood*, No. 04-209, 2005 U.S. Dist. LEXIS 40766, at *8 (M.D. Pa. May 27, 2005) (denying a motion to extend time that was filed after the time allowed by Rule 1042.3(d)). Accordingly, the Court must dismiss Plaintiffs' Amended Complaint to the extent that it alleges Kimball's deviation from professional standards of conduct. Because Rule 1042.3 is subject to equitable considerations, Plaintiffs will be given the opportunity to provide a reasonable explanation or legitimate excuse for their noncompliance with the requirements of that rule. *Womer v. Hilliker*, 908 A.2d 269, 277-78 (Pa. 2006). The Court cautions, however, that it will not excuse Plaintiffs' failure to comply with the requirement of Rule 1042.3(d) unless Plaintiffs clearly show that the demands of equity favor reinstatement of their professional negligence claims in accordance with *Womer*.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Kimball's Motion to Reconsider and dismiss the professional negligence claims stated in paragraphs 26(a) and (d)-(h) of Plaintiffs' Amended Complaint. Plaintiffs will be granted leave to move this Court to reinstate those claims by making a proper showing that equity so requires.

---

[4] Plaintiffs' Complaint in this action was filed on July 14, 2005, giving them until September 12, 2005 to file either a certificate of merit or a motion to extend that deadline. Document No. 1. Plaintiffs never filed the certificate, however, and did not move for an extension of time until September 14, 2006. Document No. 50.

8

**AND NOW**, this 13th day of July, 2007, upon consideration of Defendant L. Robert Kimball, Inc.'s Motion for Reconsideration (Document No. 55), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Accordingly, the Court dismisses Plaintiffs' professional negligence claims and strikes from the Amended Complaint Subparagraphs 26(a), 26(d), 26(e), 26(f), 26(g) and 26(h). Plaintiffs are granted leave to file a motion within twenty days seeking reinstatement of these professional negligence claims in accordance with *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006).

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**

9