# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN HOLBROOK, Individually AND as Executrix of the Estate of Ronald Holbrook, AND as personal representative of the statutory beneficiaries of Ronald Holbrook, AND PATRICK DANIEL HOLBROOK, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL SCOTT WOODHAM, NEW ENTERPRISE STONE AND LIME COMPANY, INC., AND L. ROBERT KIMBALL AND ASSOCIATES, <br><br> Defendants. | CIVIL ACTION NO. 3:05-304 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND[1]

The Court adopted an initial scheduling order in the above-captioned matter on May 25, 2006, setting deadlines for expert disclosure of March 3, 2007 for Plaintiffs and April 3, 2007 for Defendants, and for expert discovery of July 3, 2007 for all parties. Document No. 40. On August 29, 2006, the Court extended those deadlines for a period of 30 days, Document No. 46, and subsequently amended that order to recommence discovery on September 25, 2006. Document No. 52. The parties later agreed among themselves to extend the deadline for expert disclosure until August 13, 2007; the Court,

---

[1] As the Court writes only for the benefit of the parties, it will summarize what has been a lengthy litigation only to the extent necessary to provide context for its decision.

1

however, issued no order to that effect. Document No. 157 p. 2; Document No. 162 p. 3.

Plaintiffs filed their expert disclosure on April 3, 2007, Document No. 83; Defendant New Enterprise Stone and Lime Company, Inc. (hereinafter New Enterprise) filed its disclosure on August 6, 2007, identifying its sole expert as James W. Stanley of FDRSafety, LLC, Document 100; Defendant Woodham filed his expert disclosure on August 13, 2007, with a supplemental disclosure on August 17, 2007, Document Nos. 102, 105; and Defendant L. Robert Kimball and Associates (hereinafter Kimball) filed its disclosure on September 14, 2007. No party objected to any of the late filings. Document No. 162 pp. 3-4; Docket.

On August 17, the Court joined third party defendant Bruce & Merrilees Electric Company (hereinafter Bruce). Document No. 104. New Enterprise retained an additional expert, Ronald C. Short, shortly thereafter. Document No. 162 p. 4.

After an October 24, 2007 scheduling conference at which all parties appeared, the deadline for completion of expert discovery for all parties was set for March 1, 2008. Document No. 117. The Court's order also allowed Bruce to conduct fact discovery until January 15, 2008, but did not extend the already-expired deadline for expert disclosure. *Id.* Kimball moved for summary judgment on October 31, 2007, Document No. 118, and New Enterprise filed its motion for summary judgment on November 1, 2007. Document No. 122.

On January 14, 2008, New Enterprise filed the expert report of Ronald Short, also of FDR Safety LLC, calling it a "Supplemental Disclosure . . . Pursuant to F.R.C. P. 26(a)(2)." Document No. 155. Kimball moved to strike the report on January 28, 2008, Document No. 156, and Bruce moved to strike on January 29, 2008, Document No. 159, both on the grounds of untimeliness. On February 15, 2008,

2

Bruce also moved to extend its period of fact discovery until May 1, 2008. New Enterprise responded to the motions to strike on February 18, 2008, arguing that in the Third Circuit mere failure to obey a scheduling order is not sufficient ground for exclusion of evidence. Document Nos. 161-64. Kimball moved for leave to file a reply to New Enterprise's response on February 26, 2008. Document No. 167.

## DISCUSSION

### Fed. R. Civ. P. 26(a)(2)

New Enterprise has styled its January 14 submission a supplemental disclosure pursuant to Fed. R. Civ. P. 26(a)(2). Document No. 155 p. 1. Fed. R. Civ. P. 26(a)(2)(D) states that parties must supplement expert testimony "as required under Rule 26(e)." Rule 26(e)(2) states in pertinent part: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." It is clear to the Court from the above, and simply common sense, that a party cannot supplement what it has not yet filed. Regardless of what New Enterprise chooses to call its January 14, 2008 submission, the Court understands it to be a new, and not a supplemental expert disclosure.

### Legal standard for exclusion

A trial court has the discretion to exclude testimony due to counsel's failure to adhere to a pretrial order. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997); *see also* Fed. R. Civ. P. 37(c). The Third Circuit has established the following four criteria for such exclusion:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

3

*Id.* (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). In addition, the court should consider "the importance of the excluded testimony." *Id.* (citing *Meyers*, 559 F.2d at 904).

**Analysis**

The Court will now review the factors cited above as applied to the instant case.

**(1) Prejudice or surprise**

While the other parties may have been surprised at New Enterprise's disclosure of a new expert some five months after the mutually agreed-upon period for expert disclosure ended, that is not the sort of surprise contemplated by the case law where, typically, the surprise is the introduction of a new witness shortly before or even during trial. *Id.* at 719-20; *Coal. to Save Our Children, v. State Bd. of Educ.*, 90 F.3d 752, 776 (3d Cir. 1996); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 740 & n.6 (3d Cir. 1994). Similarly, the prejudice to which the cases refer deals with the offending party's interference with his adversaries' trial preparation. *See Konstantopoulos*, 112 F.3d at 719-20. In the instant case, although Short's opinion finds Kimball was liable, while Stanley's earlier opinion does not, *compare* Document No. 102 pp. 3-5 *with* Document No. 155-2, pp. 3-5, and therefore, if believed, places Kimball in a worse light than before, this is not undue interference with any parties' trial preparation, since the trial has yet to be scheduled.

**(2) Ability of the opposing party to cure the prejudice**

Expert discovery is presently scheduled to close on March 1, 2008. Document No. 117. This would, as a practical matter, prevent the parties from deposing Mr. Short. However, as there is currently no trial date, the Court can and will extend expert discovery for all parties except Bruce to April 1,

2008, and for Bruce to June 1, 2008.[2]   This will give all parties ample time to depose Mr. Short. Moreover, as both of New Enterprise's expert reports are admissible under Fed. R. Evid. 801(d)(2); were prepared by agents of the same company; and come to substantially different conclusions, the affected parties will have ample opportunity to cure any prejudice at trial.

### (3) Extent of any disruption

Since trial in this matter has not yet been scheduled, the disruption to the Court caused by this tardy disclosure is limited to the preparation of this memorandum opinion and order. That is not enough, by the lenient standards of the Third Circuit, to permit exclusion of New Enterprise's second expert report.

### (4) Bad faith or wilfulness

New Enterprise certainly was aware of the deadline for expert disclosure, and wilfully ignored it. New Enterprise notes that some of the other parties did as well. Document No. 162 pp. 3-4. However, the latest any other party filed a disclosure was September 14, 2007; New Enterprise's second disclosure was filed on January 14, 2008. Document No. 155. The Third Circuit, though, requires what amounts to "flagrant disregard" of the district court's orders. *Konstantopoulos*, 112 F.3d at 719 (citing *Myers*, 559 F.2d at 905)). New Enterprise's conduct, although warranting strong disapproval, has been its sole violation, and has not been sufficiently egregious to satisfy that standard. *Cf. id.* (noting repeated violations); *In re TMI Litig.*, 193 F.3d 613, 722 (3d Cir. 1999)(finding that the court was faced with "a pattern of filings" in violation of pretrial orders, and that "[t]he pattern was as persistent as it

---

[2]   The Court will grant Bruce's motion for extension of time in which to complete fact discovery, Document No. 160, and extend Bruce's period of fact discovery until May 1, 2008. The Court therefore finds it prudent to allow Bruce some extra time following completion of its fact discovery in which to examine the other parties' experts.

5

was unjustified").

The issue of New Enterprise's bad faith is a closer question. New Enterprise's exclusive focus on the Court's order extending expert discovery to March 1, 2008, *see* Document No. 162 p. 7, is disingenuous, and wilfully ignores the fact that expert disclosure is a different requirement, with its own separate timetable. *See* Document No. 40 § A(7). Its claim that the report of a heretofore unidentified expert was somehow a supplement under Fed. R. Civ. P. 26(a)(2) to a report filed timely by another expert is, as discussed above, equally dubious. New Enterprise's assertion that its disclosure delay was merely "lack of diligence," and hence not bad faith, Document No. 162 p. 10 (citing *Paoli*, 35 F.3d at 793), is not supported by the cases. Indeed, *Konstantopoulos* explicitly distinguished *Paoli* from the facts of the instant case, noting that in *Paoli* "the expert had been identified and the substance of most of his testimony had been disclosed *prior to the discovery date.*" *Konstantopoulos*, 112 F.3d at 721 n.10 (emphasis added). In the case *sub judice*, neither the expert nor any part of his testimony had been disclosed prior to the end of the disclosure period and, in fact, Mr. Short had apparently not even been retained at that time. *See* Document No. 162 p. 4.

Ultimately, however, the Third Circuit requires an egregious showing of bad faith. For example, in *TMI* the court found that the offending parties' "repeated violation of numerous orders of [the] court, failure to seek leave of the court before filing untimely reports, and 'covert' filing of additional reports as exhibits to a variety of unrelated motions rather than 'overtly' making supplemental filings" rose to the level of bad faith. *TMI*, 193 F.3d at 722. New Enterprise's behavior, while bad, was just simply not bad enough to permit exclusion of its second expert and his evidence.

6

**(5) Importance of the disputed evidence**

The Court finds that the evidence, especially in light of the mutually-impeaching aspects of New Enterprise's two expert reports, is not of great importance to any party in the dispute.

**CONCLUSION**

Left to its own devices, the Court would grant the motions to strike. It takes its orders seriously, and expects the parties before it to do so as well. However, under the jurisprudence of the Third Circuit, the Court has no choice but to deny the motions to strike. It trusts that this is the last time it will have to address violations of its orders during the pendency of this action.

### ORDER

**AND NOW**, this 28th day of February, 2008, for the reasons given in the foregoing memorandum opinion, it is **HEREBY ORDERED** as follows:

1. Defendant Kimball's Motion to Strike Expert Report of Ronald Short, (Document No. 156), is **DENIED**;

2. Third Party Defendant Bruce's Motion to Strike Supplemental Disclosure of Expert Testimony of New Enterprise Stone and Lime Company, Inc., (Document No. 158), is **DENIED**;

3. Defendant Kimball's Motion for Leave to File a Reply to Defendant New Enterprise's Brief in Opposition to Kimball's Motion to Strike Expert Report of Ronald Short, (Document No. 167), is **DENIED** as moot;

4. Third Party Defendant Bruce's Motion to Extend Discovery as to Third-Party Defendant Bruce & Merrilees Electric Company, (Document No. 160), is **GRANTED**, and Bruce

7

shall have until May 1, 2008 to complete fact discovery;

5. All parties except Defendant Bruce shall have until April 1, 2008 to complete expert discovery;

6. Defendant Bruce shall have until June 1, 2008 to complete expert discovery;

7. The filing styled Supplemental Disclosure of Expert Testimony of New Enterprise Stone and Lime Company, Inc. Pursuant to F.R.C.P. 26(a)(2), (Document No. 155), having been filed after the filing of motions for summary judgment, (Document Nos. 118, 122), shall not be considered by the Court for purposes of deciding said motions.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**